**Nagib EGEH, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 05–72060.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 4, 2009.

Filed May 14, 2009.

Jeffrey Martins, Law Offices of Jeffrey Martins, San Francisco, CA, for Petitioner.

CAC–District Counsel, Esquire, Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Annette L. Hayes, Assistant U.S., Office of the U.S. Attorney, Seattle, WA, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, U.S. Department of Justice, Washington, DC, for Respondent.

Before: B. FLETCHER, FISHER and GOULD, Circuit Judges.

## MEMORANDUM *

Nagib Egeh, native of Somalia, appeals from the Board of Immigration Appeals' ("BIA") denial of his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252(b), and we grant and remand to the BIA with an open record.

---

\* This disposition is not appropriate for publication and is not precedent except as provided

The government's argument that Egeh waived his asylum claim and his CAT claim is without merit. He argued both issues in his brief to the BIA. *See Zara v. Ashcroft,* 383 F.3d 927, 929–30 (9th Cir.2004) (examining both the notice of appeal and the brief for waiver of claim).

■ The Immigration Judge ("IJ") erred by relying on Egeh's means of entry as a basis for a discretionary denial of asylum without adequately considering the totality of circumstances. Under *Matter of Pula,* 19 I. & N. Dec. 467 (BIA 1987), the IJ was required to consider "the totality of the circumstances and actions of an alien in his flight from the country where he fears persecution." *Id.* at 473. The use of a false passport "is only one of a number of factors which should be balanced in exercising discretion, and the weight accorded to this factor may vary depending on the facts of a particular case." *Id.; accord Kaur v. Ashcroft,* 379 F.3d 876, 889 (9th Cir.2004) ("[T]he fact that an asylum seeker has lied to immigration officers or used false passports to enter this or another country, without more, is not a proper basis for finding her not credible. Such misrepresentations must instead be evaluated in light of all the circumstances of a case."). We remand to the IJ to reconsider Egeh's asylum claim in accordance with these prescriptions.

Egeh's application for withholding of removal and relief under the CAT depends upon the factual question of his membership in the Bantu clan. Because there is no finding Egeh is not credible on this record, his claim that he is a member of the Bantu clan must stand. However, either party on remand may supplement the

by 9th Cir. R. 36–3.

record regarding Egeh's clan membership. We remand to the IJ with an open record.

**REVERSED AND REMANDED.**

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3